UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALLAN MOONEY, | ) )  ) |
| Plaintiff, | ) No.: 0:13-cv-00648-DWF-JJG ) |
| v. | ) Judge: Hon. Donovan W. Frank ) Magistrate Judge: Hon. Jeanne J. Graham |
| FRITO-LAY NORTH AMERICA, INC., and PEPSICO, INC., | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S RESPONSE MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DEFER PLAINTIFF'S MOTION TO <u>REMAND PENDING THE JPML'S TRANSFER DECISION</u>**

Plaintiff respectfully opposes Defendants' motion to defer briefing and a hearing on his Motion for Remand to State Court until after the Judicial Panel on Multidistrict Litigation ("JPML") issues a final decision on transfer. Defendants claim that such a deferral would be "in accordance with this Court's April 4, 2013 Order" and would be "short"—but their requested deferral would be neither of these. (*See* Dkt. No. 22, at 1.) Rather, Defendants' requested deferral would be for an indefinite time period, at least a quarter of a year long, and would contradict the portions of this Court's April 4, 2013 Order which encouraged full briefing on subject-matter jurisdiction and remand.

There is no good cause to defer or delay the remand motion for a lengthy and indefinite period where, as here, there will be no duplicative or wasted efforts from a full

1

briefing of the jurisdictional issue. And furthermore, there are good reasons this Court should not defer or delay where, as here, the jurisdictional issue is simple and straightforward and the interests of justice weigh in favor of a prompt resolution. For all of these reasons, the Court should not defer or delay the briefing and argument of Plaintiff's Motion for Remand.

## BACKGROUND

Plaintiff Allan Mooney, an individual citizen of Minnesota, commenced this action in Minnesota state court on February 20, 2013. The Complaint stated only Minnesota statutory and common-law claims against Defendants; no federal claims were asserted. (*See generally* Dkt. No. 1-1.) Plaintiff attached a binding stipulation to the Complaint, limiting his recovery to the sum total value of $75,000, "fully inclusive of . . . damages, restitution, attorneys' fees, and/or the value of any personal benefit actually realized from the grant of any declaratory, injunctive, or other equitable relief." (*Id.* at 43.) Defendants asked Plaintiff for, and received, an initial extension of time.

On March 21, 2013, Defendants removed the case to this Court, asserting that diversity jurisdiction existed because the amount-in-controversy exceeded $75,000. (*See* Dkt. No. 1, ¶¶ 7, 13.) Specifically, Defendants asserted that the injunctive relief requested had a greater value to the Plaintiff than $75,000. (*See id.* at 18, 21.) In support, Defendants attached two declarations, establishing three facts: (1) that Frito-Lay's net profits from sales of the challenged products in Minnesota were greater than $5,000,000; (2) that Frito-Lay's gross revenues from such sales were greater than $10,000,000; and

(3) that it would cost Frito-Lay more than $500,000 to recall the challenged products in Minnesota. (*See* Dkt. No. 1-2, ¶¶ 4–5; Dkt. No. 1-3, ¶ 4.)

After removal, Defendants moved for a further extension of time to respond to the Complaint, which Plaintiff opposed. On March 28, 2013, the JPML issued a Conditional Transfer Order ("CTO-2"), which would immediately transfer this case to the Eastern District of New York, but which was stayed for seven days pending any opposition.

On April 4, 2013, the Court deferred ruling on Defendants' motion pending the JPML's final transfer decision. (Dkt. No. 13, at 4.) In its Order, the Court recognized that Plaintiff had "express[ed] an intention" to file a motion for remand. (*Id.* at 3.) The Court also recognized that "Plaintiff has questioned the Court's subject matter jurisdiction," but decided that "the issue has not been fully briefed and thus is not ripe for resolution at this time." (*Id.* at 3–4.) The Court noted that "the period in which to object to the Conditional Transfer Order is underway," that "Plaintiff may decide to oppose the transfer," and that "if the case remains here, Plaintiff may choose to pursue a motion to remand." (*Id.*)

Later that day, Plaintiff filed his notice of opposition to the CTO-2 before the JPML, and the stay of the CTO-2 was thereby continued until further notice. Plaintiff's motion to vacate the CTO-2 will be due on April 19, 2013, and Defendants' responses will be due on May 10, 2013. (*See* Dkt. No. 19, at 1.) A hearing date for oral argument has not been scheduled, but the next two upcoming hearing sessions of the JPML are

scheduled for May 30, 2013 and July 25, 2013.[1] The case will remain in this Court until a final decision issues from the JPML on Plaintiff's opposition to transfer.

On that same day, April 4, 2013, Plaintiff also filed his Motion for Remand. (Dkt. No. 14.) In it, Plaintiff conceded each of Defendants' three factual assertions, but argued that such facts were relevant only to the Defendants' viewpoint—to their costs of compliance with injunctive relief—which is barred from inclusion in the amount-in-controversy under the Eighth Circuit's longstanding "plaintiff's viewpoint rule." (*E.g.*, Dkt. No. 16, at 6–7.) Therefore, Plaintiff argued, Defendants had failed to carry their burden of proof, let alone to contradict his binding stipulation. Plaintiff further argued that it was legally impossible for the value to Plaintiff of the injunctive relief to exceed $75,000, and requested an award of costs and fees. (*Id.* at 12–15.) Plaintiff asked the Court to expedite its consideration of the jurisdictional issues raised, in light of the facial impropriety of removal and the unnecessary burden that an intervening transfer to the Eastern District of New York would impose on Plaintiff. (*Id.* at 15–17.) Plaintiff's motion is currently scheduled to be heard on June 14, 2013.

## DISCUSSION

Plaintiff respectfully requests that the Court allow full briefing and a hearing on Plaintiff's Motion for Remand to proceed as scheduled, without deferral or delay. The

---

[1] The JPML has already issued a Notice of Hearing Session for May 30, 2013, and has already scheduled numerous other matters for consideration, not including this matter, on that date. *See* Notice of Hearing Session, United States Judicial Panel on Multidistrict Litigation, http://www.jpml.uscourts.gov/sites/jpml/files/Hearing_Order-5-30-13.pdf. Therefore, absent amendments or modifications to the current order, it appears that oral argument on Plaintiff's forthcoming motion to vacate the CTO-2 is more likely to be scheduled for July 25, 2013 or a later date than for the May 30 hearing session.

Court should deny Defendants' motion to delay remand of this case for at least three independent reasons. *First*, Defendants' request for deferral or delay of this matter is not mandated by the Court's April 4, 2013 Order, which actually anticipated and encouraged full briefing of the jurisdictional issue in this Court. *Second*, there is no good cause for a deferral or delay, because no duplication or wasted efforts would result from a full briefing and hearing on the issue even if the case were eventually transferred at some indeterminate time in the distant future. *Third* and finally, there are numerous reasons why the interests of justice would be best served by leaving the current briefing schedule stand—or accelerating that schedule. The jurisdictional issues before the Court are simple and straightforward, a prompt evaluation of the Court's subject-matter jurisdiction is in the interests of justice, Defendants' requested delay would be lengthy and indeterminate, and—perhaps most importantly—where removal was facially unreasonable and contrary to binding precedent that has stood undisturbed for over forty years, this Court should not help Defendants achieve their apparent goal of inconvenience and delay for Plaintiff. Rather, the Court should take this opportunity to receive and weigh any arguments Defendants may have to support their facially improper removal, and to discourage unreasonable removal tactics if it finds such action appropriate.

**A.     The Court's April 4, 2013 Order Does Not Mandate or Support the Deferral or Delay of Plaintiff's Motion for Remand**

As an initial matter, Defendants are incorrect to state that deferral of Plaintiff's Motion for Remand is "[i]n accordance with" or "indicated in" the Court's April 4, 2013 Order, or that the same reasoning applies here. (Dkt. No. 22, at 1–3.) To the contrary, the

Court's April 4, 2013 Order recognized Plaintiff's jurisdictional objections and encouraged the parties to fully brief these jurisdictional issues. (*See* Dkt. No. 13.) And the Court's reasoning about a motion to dismiss, which Defendants may have had to brief simultaneously in this Court and the MDL transferee court, cannot apply to a jurisdictional issue that is unique among the consolidated actions, none of which has a pending or anticipated motion for remand. (*See infra* Part B.2.)

In the April 4, 2013 Order, the Court recognized that Plaintiff had "express[ed] an intention" to file a motion for remand, and that "Plaintiff has questioned the Court's subject matter jurisdiction." (Dkt. No. 13, at 3–4.) The Court declined to opine on jurisdiction in the April 4 Order simply because "the issue has not been fully briefed and thus is not ripe for resolution at this time." (*Id.*) Defendants would portray this as a reason to defer the full briefing of the issue, but it is clear that the Court was *inviting* the parties to fully brief the issue.

The Court made this invitation even clearer by writing that "Plaintiff may choose to pursue a motion to remand" before this Court. (*Id.* at 4.) The Court prefaced its statement by observing that "the period in which to object to the Conditional Transfer Order is underway," and that "Plaintiff may decide to oppose the transfer." (*Id.* at 3.) This is a crucial observation; if Plaintiff had not opposed the CTO-2 within seven days of its issuance, this case would have been immediately transferred to the Eastern District of New York on April 5, 2013. The Court summed up the interplay between jurisdiction and transfer succinctly: "If this case is transferred, the MDL court is well-equipped to resolve questions of jurisdiction; if the case remains here, Plaintiff may choose to pursue a

motion to remand." (*Id.* at 4.) Because Plaintiff opposed transfer, the CTO-2 was stayed and the case was not transferred. The case remains here, before this Court—and will remain here until further notice. Thus, in accordance with the April 4, 2013 Order, Plaintiff has chosen to pursue a Motion for Remand.

**B.     There Is No Good Cause for Deferral or Delay**

While Defendants are incorrect about the specific ramifications of the Court's April 4, 2013 Order, they are also broadly incorrect on the matter of whether there is good cause for a deferral or delay of the remand motion. There is no such good cause here. No good cause can be shown where any transfer is distant and uncertain, and where the full briefing of this particular remand motion would be neither duplicative nor wasteful in the event of such a transfer.

   *1.     There is no good cause for deferral because the possibility of transfer is distant and uncertain.*

As a preliminary matter, transfer of this case by the JMPL is far from certain, and neither the parties nor the Court can estimate with accuracy when it might occur. What is certain is that transfer is far from imminent. The CTO-2 has been stayed until further notice, and briefing before the JPML on the issue of transfer will not be complete until mid-May. (*See* Dkt. No. 19, at 1.) A hearing date for oral argument on transfer has not been scheduled, but the next two upcoming hearing sessions of the JPML are scheduled for May 30, 2013 and July 25, 2013.[2] A Notice of Hearing Session has already been

---

[2] The JPML has already issued a Notice of Hearing Session for May 30, 2013, and has already scheduled numerous other matters for consideration, not including this matter, on that date. *See* Notice of Hearing Session, United States Judicial Panel on Multidistrict

issued for the May 30 session, and it appears unlikely (though still possible) that Plaintiff's opposition to transfer will be added to that schedule. *See* Notice of Hearing Session, United States Judicial Panel on Multidistrict Litigation, http://www.jpml.uscourts.gov/sites/jpml/files/Hearing_Order-5-30-13.pdf. And a final order is unlikely to issue until several weeks after the conclusion of briefing and argument.

This case will remain in this Court until a final decision issues from the JPML, and that decision may not come until mid-August or later, if oral argument is set for the July 25 session. Meanwhile, Plaintiff's remand motion is scheduled to be argued before this Court on June 14, 2013. Since the transfer motion is likely to be pending before the JPML for a lengthy and indeterminate period of time, there is no good cause for deferral or delay. The jurisdictional issue is quite likely to be resolved in this court if the matter is not deferred or delayed, and in any case the briefing and argument will not be duplicative or wasteful.

### 2. *There is no good cause for deferral because the issues are unique, and the full briefing of the remand motion cannot be duplicative even if the case is eventually transferred.*

Unlike the deferred Motion to Dismiss addressed in the Court's April 4, 2013 Order, which Defendants would have needed to brief and argue while simultaneously

---

Litigation, http://www.jpml.uscourts.gov/sites/jpml/files/Hearing_Order-5-30-13.pdf. Therefore, absent amendments or modifications to the current order, it appears that oral argument on Plaintiff's forthcoming motion to vacate the CTO-2 is more likely to be scheduled for July 25, 2013 or a later date than for the May 30 hearing session.

briefing and arguing a Motion to Dismiss in the MDL transferee court,[3] there are, to the best of Plaintiff's knowledge, no pending or anticipated motions for remand pending in the consolidated MDL action. Even if there were any jurisdictional challenges in the transferor court—which there are apparently not—there would be no similar issues. This is because every single other case consolidated in the MDL transferor court is a *class action*, where federal jurisdiction was premised on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA abrogates the rule against aggregation of damages, eviscerating the "plaintiff's viewpoint rule" that forms the key jurisdictional issue in this case and allowing consideration of the cost of injunctive relief to the defendant. *See, e.g.*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 571–72 (2005); *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924 (E.D. Ark. 2008). In a class action, evidence such as Defendants attached to their Notice of Removal here would be relevant to the jurisdictional question of amount-in-controversy under CAFA. But, unlike every other action consolidated in the Eastern District of New York, this is not a class action and CAFA does not apply. Instead, in Plaintiff's individual suit, the longstanding "plaintiff's viewpoint rule" is controlling—a rule which, in turn, has no application to any of the consolidated class actions. Therefore, it is certain that even if this case were to be transferred to the Eastern District of New York at some time in the indeterminate

---

[3] Defendants' motion to dismiss in the consolidated MDL action is due on April 19, 2013, according to that court's recently-filed briefing schedule. *See* Premotion Conference Minutes, *In re: Frito-Lay North America, Inc., All Natural Litigation*, No. 1:12-md-02413-RRM-RLM (E.D.N.Y. Apr. 4, 2013), ECF No. 13. No briefing schedule has been set for any motion for remand; to the best of Plaintiff's knowledge, no motion for remand is anticipated in the MDL action.

future, the briefing on Plaintiff's remand motion will not—and cannot—be duplicative of any issues raised there. No good cause exists for a deferral or delay on that basis.

      3.    ***There is no good cause for deferral because the full briefing of the remand motion will not result in wasted efforts, even if the case is eventually transferred.***

Fully briefing the remand motion will not result in wasted efforts by the parties, even if the motion is ultimately heard by another court, because that court will be able to utilize all briefing that is completed here. As Plaintiff has addressed in his motion papers, the Eighth Circuit and the Second Circuit both follow the "plaintiff's viewpoint rule" in valuing injunctive relief to determine the amount-in-controversy. (Dkt. No. 16, at 16.) The proper application of the "plaintiff's viewpoint rule" is the key issue in resolving the motion, and Plaintiff's Motion for Remand cites both Eighth and Second Circuit authority for that rule. (*Id.* at 3–4, 16.) Both the JPML and the Second Circuit have acknowledged that a motion for remand that is pending before a transferor court can "be heard and decided by the transferee judge." *In re Ivy*, 901 F.2d 7, 8 (2d Cir. 1990). Thus, in the event that this case is transferred to the Eastern District of New York prior to this Court issuing an order on the motion, the full briefing of the issue will not go to waste—it can be considered and used by the MDL transferee court to resolve the pending motion. And, of course, there is a significant likelihood that this Court will resolve the motion prior to the JPML's final decision on transfer (assuming no deferral or delay), in which case the matter will be resolved.

In addition, even if the case is transferred to the Eastern District of New York, Eighth Circuit precedent will remain relevant to that court's disposition of the remand

motion. It is certainly true that Second Circuit precedent would be used by that court to judge whether to remand the case. *See, e.g.*, *Menowitz v. Brown*, 991 F.2d 36, 40–41 (2d Cir. 1993) (transferee court applies its own interpretation of federal law without regard to precedent in the transferor court). However, Plaintiff has requested an award of fees and costs for Defendants' unsupported and objectively unreasonable removal. (Dkt. No. 16, at 14–15.) Eighth Circuit precedent will remain relevant and necessary to that portion of Plaintiff's motion, even in the Eastern District of New York, since the question before that court on the matter of fees and costs will be whether Defendants acted unreasonably in removing the case to this Court. Thus, the full briefing of Plaintiff's remand motion in this Court need not and should not be deferred or delayed, since no efforts by the parties or the Court will be wasted under any possible outcome of the JPML's final transfer ruling.

### C.   The Court Should Not Defer or Delay, In the Interests of Justice

Having shown why the Court's April 4, 2013 Order does not mandate deferral or delay of the remand motion, and why there is no good cause that would necessitate deferral or delay, Plaintiff now proceeds to describe the many factors which weigh against granting Defendants' requested deferral. The interests of justice lie on the side of leaving the briefing schedule stand as it exists—or even expediting the schedule, or ruling on subject-matter jurisdiction *sua sponte*—for at least four independent reasons. First, the jurisdictional issue is simple and can be decided on the face of the removing documents. Second, an expedient review of subject-matter jurisdiction is encouraged by the Eighth Circuit, and appropriate where the removing documents are facially deficient. Third,

> **1.    The Court should not defer because the jurisdictional issue raised by the remand motion is simple and straightforward.**

The Court should not defer or delay its consideration of the remand motion or subject-matter jurisdiction because this case does not present a close call. Plaintiff's binding stipulation effectively limits the amount-in-controversy to below the jurisdictional threshold. (Dkt. No. 16, at 5, 8–10.) In addition, Plaintiff points to longstanding Eighth Circuit precedent on the "plaintiff's viewpoint rule," which excludes Defendants' potential costs of compliance with injunctive relief from the amount-in-controversy. (*E.g.*, *id.* at 3–4.) Under this rule, the evidence attached by Defendants to the Notice of Removal establishes no facts relevant to the true standard of calculating amount-in-controversy—*i.e.*, the value that Plaintiff would receive from a grant of injunctive relief. (*E.g.*, *id.* at 10–12.)

Defendants had the burden of attaching sufficient evidence to their Notice of Removal to support jurisdiction, and it is wholly proper for the Court to limit its consideration of evidence to the removing documents themselves—to the face of the Notice of Removal and to any attached documents—to resolve Plaintiff's motion for remand or to inquire into its own subject-matter jurisdiction. *See, e.g.*, *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214–15, 1219 (11th Cir. 2007). If removal was proper, proof of that fact should lie in the removing documents; all that is left is for Defendants to justify their claims through argument. However, because the impropriety of removal can be seen on the face of the removing documents themselves, the Court should not delay. To the contrary, where the removing documents are facially inadequate

or raise serious doubts, the Court should expedite the review of its subject-matter jurisdiction.

### 2. *The Court should not defer because the interests of justice require an expedient evaluation of subject-matter jurisdiction.*

The Court should refuse to defer or delay its consideration of subject-matter jurisdiction because the interests of justice weigh in favor of a speedy resolution of the issue. The Court has the inherent authority and discretion to manage this case, and its docket, in the interests of justice. The Eighth Circuit has instructed District Courts to rule on subject-matter jurisdiction spontaneously, where appropriate. *In re Atlas Van Lines*, 209 F.3d 1064, 1066 (8th Cir. 2000); *see also* 28 U.S.C. § 1447(c). A ruling on subject-matter jurisdiction in a removed case may—and should—be made from the face of the removing documents themselves. *Lowery*, 483 F.3d at 1214–15, 1219. Thus, jurisdictional issues present a special situation that should not lightly be deferred or postponed. Especially where, as here, the removing documents raise serious doubts about the propriety of removal on their face, the Court should not defer or delay its duty to evaluate subject-matter jurisdiction.

### 3. *The Court should not defer because Defendants' requested delay would be lengthy and indeterminate.*

As described earlier, the delay caused by waiting for the JPML to issue a final order on transfer will be lengthy and indeterminate. (*See supra* Part B.1.) The remand motion could very likely be settled by this Court before the JPML issues such an order, and neither the briefing nor this Court's determination on subject-matter jurisdiction can possibly be duplicative or wasteful even if transfer occurs. Therefore, delay for a lengthy

and indeterminate period conflicts with the Court's duty to evaluate subject-matter jurisdiction, especially where the removing documents are facially deficient.

       ***4.*** ***The Court should not defer because the case was removed in bad faith, to achieve delay and inconvenience for Plaintiff which transfer will only exacerbate.***

The Court should not defer or delay because the circumstances of removal suggest that it was done in bad faith, for the purpose of achieving delay and inconvenience for Plaintiff that is wholly unjustified by the law. In their removing documents, the only evidence supplied by Defendants on the amount-in-controversy was on the subject of their potential costs of compliance with injunctive relief. Defendants, which are sophisticated multinational corporations employing sophisticated legal counsel, should have known or had reason to know that such evidence was irrelevant to the Court's determination and that the Court was barred from considering it by a line of precedent dating back more than forty years. In light of the lack of relevant evidence and Plaintiff's binding stipulation, removal on the basis of diversity jurisdiction was objectively unreasonable.

Defendants joined their unreasonable removal with an attempt to transfer this action across the country to the Eastern District of New York. If successful, Defendants would gain the benefit of significant delay and inconvenience to Plaintiff, when the federal courts had no subject-matter jurisdiction over this action to begin with. Plaintiff is an individual citizen of Minnesota, bringing claims solely under Minnesota statutory and common law, who has limited his recovery to less than the $75,000 jurisdictional threshold—and he should not be forced to travel to New York merely to get his case back

into Minnesota state court, where it belongs. This Court should take the opportunity to evaluate Defendants' removing documents under Eighth Circuit precedent, so as to discourage this disingenuous procedural strategy.

Respectfully submitted,

DATED: April 16, 2013

By:     /s/ Paul R. Hansmeier
Paul R. Hansmeier (MN Bar #387795)
CLASS ACTION JUSTICE INSTITUTE, LLC
40 South 7th Street
Suite 212-313
Minneapolis, MN 55402
Telephone: (612) 234-5744
mail@classjustice.org
*Attorney for Plaintiff*