CASE 0:13-cv-00648-DWF-JJG   Document 28   Filed 08/08/13   Page 1 of 2



**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**IN RE:FRITO-LAY NORTH AMERICA, INC.,**
**"ALL NATURAL" LITIGATION**

    Stayce Deaton v. Frito-Lay North America, Inc., et al.,    )
        W.D. Arkansas, C.A. No. 1:12-01029    )
    Allan Mooney v. Frito-Lay, Inc., et al.,    )    MDL No. 2413
        D. Minnesota, C.A. No. 0:13-00648    )

**TRANSFER ORDER**

    **Before the Panel:** Pursuant to Panel Rule 7.1, plaintiffs in two actions move to vacate our orders that conditionally transferred their respective actions to MDL No. 2413. Defendants Frito-Lay North America, Inc., and PepsiCo, Inc., oppose the motions to vacate.

    After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2413, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Eastern District of New York was an appropriate Section 1407 forum for actions arising out of allegations that Frito-Lay markets and labels certain food products grown from genetically modified organisms as "All Natural," in a manner that is allegedly misleading to consumers.[1] *See In re Frito-Lay North America, Inc. "All Natural" Litig.,* 908 F. Supp. 2d 1379, 1380 (J.P.M.L. 2012). These actions involve virtually identical factual allegations, and thus fall squarely within the subject matter of the MDL.

    Plaintiffs base their arguments against transfer primarily on the pendency of motions to remand their respective actions to state court, suggesting that the transferor court should first decide the motions. We have repeatedly held that a motion for remand alone is generally an insufficient basis to vacate a conditional transfer order.[2] *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Furthermore, after plaintiff in *Deaton* filed her motion to vacate, her remand motion was denied. In the *Mooney* action, the court deferred resolution of the remand motion pending the Panel's decision on transfer of this action.

---

    [1] The food products at issue are Frito-Lay Bean Dip, SunChips, and Tostitos.

    [2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time in which to do so.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Roslynn R. Mauskopf for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |